## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | ANNELISE M. CLARK, and | ) |
| (2) | ROBERT J. CLARK, individually | ) |
| | and as husband and wife, | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| (1) | PENN SQUARE MALL LIMITED | ) |
| | PARTNERSHIP, an Illinois limited | ) |
| | partnership; | ) |
| (2) | USC PENN SQUARE, INC., a | ) |
| | Delaware Corporation; | ) |
| (3) | SIMON MANAGEMENT | ) |
| | ASSOCIATES, LLC,  Delaware | ) |
| | limited liability company; | ) |
| (4) | SIMON PROPERTY GROUP, L.P., | ) |
| | a Delaware limited partnership; | ) |
| (5) | SIMON PROPERTY GROUP, INC., | ) |
| | a Delaware Corporation; and | ) |
| (6) | IPC INTERNATIONAL | ) |
| | CORPORATION, an Illinois | ) |
| | corporation, | ) |
| | | ) |
| | Defendants. | ) |

Case No. CIV-10-00029-C

### DEFENDANT IPC INTERNATIONAL CORPORATION'S
### MOTION TO CLARIFY

Defendant, IPC International Corporation ("IPC"), respectfully requests that the Court

clarify certain language within the Court's March 1, 2011, Order  [Doc. No. 44] regarding

Plaintiffs' Motions to Compel.  In support of this Motion, IPC states as follows:

1.     The Court's Order of March 1, 2011 states on p. 3, footnote 4, that "...Plaintiffs should have input into the search criteria after Defendants have provided some information about the data being searched."[1]

2.     Plaintiffs have relied on this language to essentially demand complete control of IPC's search for electronically stored information ("ESI").  Likewise, Plaintiffs have used this language to create additional requirements that IPC contends are beyond the scope of this Court's Order.  IPC contends that Plaintiffs' numerous demands and additional requirements have impeded – and will continue to impede – IPC's ability to meet the deadline within the Court's Order.

3.      For example, when IPC chose its third-party vendor, IKON (Plaintiffs did not propose IKON), Plaintiffs suggested that IKON could not search IPC's ESI adequately.  Further, Plaintiffs demanded a teleconference with IKON's project manager performing IPC's search, and demanded that the teleconference take place prior to the beginning of IPC's search.

4.     In an effort to avoid future issues (which Plaintiffs' counsel advised would follow if not allowed to speak with IKON), IPC's counsel arranged a teleconference with IKON's staff, IPC's counsel, and Plaintiffs' counsel.  (*See* attached emails, **EXHIBIT 1**).  Plaintiffs' counsel failed to join the teleconference.  Thus, IPC's counsel and IKON's staff wasted precious time in an effort to appease Plaintiffs' counsel.

---

[1]IPC incorporates by reference the facts and contentions within its Motion to Extend Time to Comply With Court Order filed contemporaneously herewith.

5.      In addition to a teleconference with IKON prior to the start of IPC's ESI search, Plaintiffs have also demanded "hit" lists and "unique hit" lists during the search process to "ensure" Plaintiffs are obtaining the types of documents they expect.

6.      Similarly, Plaintiffs have demanded complete control of IPC's search term and custodian lists.  In total, Plaintiffs have demanded that 73 different terms be searched in the hard drives, compact disks, or databases of the 31 custodians Plaintiffs believe are relevant. (*See* list of 73 search terms, **EXHIBIT 2**).  IPC's counsel has advised Plaintiffs that several of the custodians Plaintiffs identified were either terminated <u>prior</u> to the incident at issue herein, or were hired <u>subsequent</u> to the subject incident.  In other words, several of the custodians listed by Plaintiffs will not have any relevant ESI with respect to the subject incident. Nevertheless, Plaintiffs are unwilling to reduce the amount of custodians and/or search terms on the lists.

7.      The numerous demands/requirements[2] made by Plaintiffs have delayed the start of IPC's ESI search.  In addition, Plaintiffs unwillingness to cooperate and/or compromise on search terms and custodians has forced IPC to adhere to all of their demands in an attempt to comply with the 20 day deadline in the Court's Order.

8.      In short, IPC contends that Plaintiffs are attempting take unfair advantage of this Court's Order by making demands not contemplated by this Court, and to which IPC is not required to succumb.

---

[2]The demands identified above are only a few of the total that have been made by Plaintiffs' counsel.

9.    Accordingly, IPC seeks clarification of the Court's March 1, 2011 Order. Specifically, IPC respectfully requests the Court to clarify the amount of "input" Plaintiffs are entitled to have with respect to IPC's search for ESI. Further, IPC respectfully requests the Court to clarify the "search criteria" that Plaintiffs are allowed to have input in.

WHEREFORE, IPC prays for clarification of the Court's March 1, 2011 Order [Doc. No. 44], as set forth herein.

Respectfully submitted,

s/ Clayton B. Bruner
Gerard F. Pignato, OBA No. 11473
Clayton B. Bruner, OBA No. 22079
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
1120 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone:   (405) 606-3333
Facsimile:    (405) 606-3334
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John F. Heil, III, Esquire
Karissa K. Cottom, Esquire
Sarah Jane Gillett, Esquire
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma  74103-3706
Telephone:   918-594-0400
Facsimile:   918-594-0505
**ATTORNEYS FOR PLAINTIFFS**

Thomas G. Wolfe, Esquire
Kenneth Tillotson, Esquire
Kathryn Terry, Esquire
PHILLIPS MURRAH P.C.
Corporate Tower | Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
(405) 235-4100
(405) 235-4133 (facsimile)
**ATTORNEYS FOR SIMON DEFENDANTS**

s/ Clayton B. Bruner
For the Firm