IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANNELISE M. CLARK and )
ROBERT J. CLARK, )
                              )
         Plaintiffs, )
                              )
vs.                           )   Case Number CIV-10-29-C
                              )
PENN SQUARE MALL LIMITED )
PARTNERSHIP; USC PENN SQUARE, )
INC.; SIMON MANAGEMENT )
ASSOCIATES, LLC; SIMON )
PROPERTY GROUP, INC., and IPC )
INTERNATIONAL CORPORATION, )
                              )
         Defendants. )

**MEMORANDUM OPINION AND ORDER**

Arguing that Defendants had failed to properly respond to certain discovery requests, Plaintiffs filed Motions to Compel. The Court found that Defendants had failed to properly respond; the Court granted Plaintiffs' motions and determined that they were entitled to recover attorneys' fees incurred in presenting the motions. Plaintiffs have now filed their application seeking $24,937.50, in fees. Defendants object, arguing the amount sought is excessive.

The Court must determine that the fee sought is reasonable. Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc., 2003 OK 72, ¶ 3, 77 P.3d 1042, 1046. In this diversity case, Oklahoma law governs the determination of a reasonable fee. In State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, 598 P.2d 659, the Oklahoma Supreme Court adopted the

lodestar method. That is, the Court must calculate the lodestar by multiplying the hours expended by the hourly rate. Id. at ¶ 10, 661. In considering the hourly rates sought by Plaintiffs, the Court finds certain of them to be in excess of reasonable hourly rates for this jurisdiction. See Burk, at ¶ 12, 662 (hourly rate to be based on standard in community for services performed). Plaintiffs' Application sets the following hourly rates: J. Heil, shareholder, $290.00-$300.00; S. Gillett, shareholder, $295.00; K. Cottom, shareholder, $240.00-$250.00; J. Stiner, associate, $185.00-$190.00; and J. Shaw, paralegal, $140.00-$150.00. After consideration of the affidavit submitted by the Simon Defendants and the Court's knowledge of the prevailing market rates, the Court finds the rates submitted by J. Stiner and J. Shaw to be excessive. The more appropriate rate for a new associate is $150.00 - $160.00 and for paralegal time $100.00-$110.00. These hourly rates reflect appropriate charges for the relevant market and appropriately compensates the skill and experience of the attorney or staff. Next, the Court must determine whether the hours expended were reasonable. Oliver's Sports Ctr., Inc. v. Nat'l Standard Ins. Co., 1980 OK 120, 615 P.2d 291.

Upon review of the time records, it is clear that certain of the fees sought by Plaintiffs are not recoverable. Plaintiffs seek to recover fees for unnecessary duplication and for work which would have had to be performed whether or not a Motion to Compel was filed. For example, J. Stiner and J. Shaw billed a number of hours related to reviewing Defendants' document production and creating spreadsheets to track what had been produced. While the amount of time needed for these tasks may have increased because of Defendants' previous failures, presumably at least some review of the production would have occurred even if

Defendants had been perfect in their production. Given the sparse explanations on the fee itemization, it is impossible for the Court to determine how much, if any, of this time arose solely because of Defendants' misbehavior and the subsequent Motions. Accordingly, the Court has reduced the requested hours where appropriate. As an additional example, J. Heil billed 2.3 hours to evaluate and revise the Motions, J. Stiner then billed 3.5 hours making those revisions, then J. Heil billed another 4.0 hours for more revisions which J. Stiner apparently incorporated into the documents billing another 2.1 hours. While there may be valid reasons for the apparent duplication of effort, appropriate billing discretion requires deduction for at least some of the time. No such discretion is evident in the billing records; therefore, the duplication will be subtracted by the Court.

As a result of the issues outlined above and other similar occurrences, reductions of 29.1 hours were made to the billing itemization. Once these reductions are made, the reasonable time spent on this matter is 85.3 hours. Multiplied by the appropriate reasonable hourly rate for the person performing the work, the Court finds the appropriate lodestar amount to be $9,445.00 for the Simon Defendants and $8,080.00 for the IPC Defendant.

As a general rule, an evidentiary hearing is required when deciding a fee award. However, the time records submitted by Plaintiffs are thorough and have allowed the Court a full view of the basis for the fee request. Further, no party has requested a hearing and the objections offered by Defendants were specific enough that their positions were clear without need of a hearing. The Court has considered each time entry as it stands alone and in connection with the other entries. Thus, the Court finds a hearing is unnecessary. See

Gamble, Simmons & Co. v. Kerr-McGee Corp., 175 F.3d 762, 774 (10th Cir. 1999) (citing cases).

## **CONCLUSION**

As required by Oklahoma law, the Court has adjusted the hourly rate sought by Plaintiffs, as well as certain of the hours sought, to ensure the award of attorneys' fees is reasonable. The resulting amounts awarded are $9,445.00 against the Simon Defendants and $8,080.00 against the IPC Defendant. Accordingly, Plaintiffs' Application for Attorneys' Fees (Docket No. 49) is GRANTED in part. A separate judgment will issue.

IT IS SO ORDERED this 23rd day of May, 2011.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge