IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANNELISE M. CLARK, *et al.*,            )
                                        )
      Plaintiffs,                      )
                                        )  Case No. CIV-10-29-C
v.                                      )
                                        )
PENN SQUARE MALL LIMITED                )
PARTNERSHIP, *et al.*,                  )
                                        )
      Defendants.                      )

## **MEMORANDUM OPINION**

Annelise Clark was abducted at a shopping mall and raped, and she and her husband have sued for inadequate security. Defense counsel deposed Ms. Clark and her husband in June 2010 and move for leave to reopen the deposition. The Defendants' motion is granted.

Although the Federal Rules of Civil Procedure require leave of court for reopening of a deposition, the rules do not specify the standard. Instead, Fed. R. Civ. P. 30(a)(2)(A)(ii) provides that the court must allow reopening "to the extent consistent with Rule 26(b)(2)." In turn, Rule 26(b)(2) allows the court to restrict discovery if: (1) the party seeking to reopen the deposition has had ample opportunity to obtain the information; (2) the proposed discovery is unreasonably cumulative, duplicative, or obtainable with less expense or burden from other sources; or (3) the burden of providing the discovery outweighs the likely benefit.

Some courts require parties to show good cause before they can conduct a second deposition.[1] Other courts require a showing of good cause to prevent — rather than allow — the second deposition.[2] Either way, a "good cause" standard would involve disregard of Rule 30(a)(2)(A)(ii) when its terms mandate leave for a second deposition.

The Defendants state that they want to ask Mr. and Ms. Clark about their current conditions because they are seeking millions based on the trauma from the abduction and rape. In 2010, when the Plaintiffs were deposed, defense counsel could not have asked the Clarks how they would be doing two years later; and the proposed information is not cumulative because the Clarks are the only persons who can know their own current mental states (which they will presumably rely upon at trial). Thus, under Rule 30(a)(2)(A)(ii), the Defendants could take a second deposition unless the burden on the Plaintiffs would outweigh the expected benefit.

The Plaintiffs point to the burden that they would face by reopening of their depositions. For example, the Plaintiffs refer to a diagnosis of post-traumatic-stress disorder for Ms. Clark and the difficulty she and her husband will eventually face when they testify at trial.

---

[1] *See, e.g.*, *Kleppinger v. Texas Department of Transportation*, 283 F.R.D. 330, 335 n.7 (S.D. Tex. 2012) ("other district courts have utilized a 'good cause' standard" when determining whether to allow a second deposition under Rule 30(a)(2)(A)(ii) (citations omitted)).

[2] *See Jade Trading, LLC v. United States*, 64 Fed. Cl. 85, 86-87 (2005) ("Some courts have opined that leave to conduct a second deposition should ordinarily be granted, and that the party opposing the second deposition must demonstrate good cause why the second deposition should not be taken." (citations omitted)).

But Ms. Clark could likely avoid that burden, if she wished, because parties can use their depositions at trial when unable to attend because of an infirmity.[3] The diagnosis of post-traumatic-stress disorder would likely constitute an "infirmity," allowing Ms. Clark to avoid the trauma of a trial even if the Defendants were to object. And Mr. Clark presumably could seek a stipulation or order to permit use of his deposition at trial if live testimony would be traumatic. The Clarks are presumably willing to incur the emotional burden of live testimony because it would be more dramatic to the jury than a dry reading of their depositions.

Having made this choice, the Plaintiffs are not entitled to foreclose limited inquiry about how they are doing now. If the Clarks are saying that they are still experiencing trauma, the Defendants should be able to ask them how they are faring in comparison to their conditions in June 2010.

The Plaintiffs would likely suffer if asked to recount the kidnaping and rape, but defense counsel disavow any intent to ask about these traumatic events. Instead, defense counsel are simply wanting to ask the Plaintiffs about their current "emotional, family and physical health" in light of the passage of over 2½ years.[4]

The Clarks also argue that updated information would not have been necessary if defense counsel had waited longer to take the depositions. This argument is unconvincing.

---

[3]   *See* Fed. R. Civ. P. 32(a)(1), (4).

[4]   Defs.' Mot. 4, ECF No. 208.

The Clarks were deposed on June 30, 2010. At that time, the parties were facing a discovery deadline of February 1, 2011, with expected assignment to a trial docket in April 2011.[5] Certainly the Defendants could have postponed the depositions, as the Plaintiffs suggest. But even if the Defendants had waited longer, they could not easily have foreseen the delay of roughly two years in the discovery deadline and expected trial date.

The Court is mindful of the emotional burden to Mr. and Ms. Clark and does not lightly authorize the reopening of their depositions. But, the Defendants are entitled to conduct these depositions under Rules 26(b)(2) and 30(a)(2). As a result, the Court grants leave to the Defendants to reopen the depositions of Mr. and Ms. Clark.

So ordered this 10th day of January, 2013.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[5] Sched. Order, ECF No. 24.