IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANNELISE M. CLARK and ROBERT J. CLARK, individually and as husband and wife, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-10-0029-C ) |
| PENN SQUARE MALL LIMITED PARTNERSHIP, an Illinois limited partnership; USC PENN SQUARE, INC., a Delaware corporation; SIMON MANAGEMENT ASSOCIATES, LLC, a Delaware limited liability company; SIMON PROPERTY GROUP, L.P., a Delaware limited partnership; SIMON PROPERTY GROUP, INC., a Delaware corporation; and IPC INTERNATIONAL CORPORATION, an Illinois corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

On December 23, 2008, a serial rapist abducted Annelise Clark from the parking garage located at Penn Square Mall ("Mall") and repeatedly sexually assaulted her off the premises. At the time of Mrs. Clark's abduction and rape, Penn Square Limited Partnership, USC Penn Square Inc., Simon Management Associates, LLC, Simon Property Group, L.P., and Simon Property Group, Inc. (the "Simon Defendants") had contracted with IPC International Corporation ("IPC") to provide security at the Mall. Annelise Clark and her husband, Robert Clark, filed this suit on January 8, 2010, alleging that IPC and the Simon Defendants (collectively, "Defendants") were negligent in failing to provide adequate

security. Defendant IPC and the Simon Defendants now move for summary judgment (Dkt. Nos. 232, 234), arguing that Plaintiffs cannot establish the breach or causation elements of their negligence claim.

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247 (1986). A court considering a summary judgment motion must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000).

As this is a diversity action, Oklahoma law governs Plaintiffs' claims. Under Oklahoma law, "the three essential elements of a prima facie case of negligence are: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury being proximately caused by the defendant's breach." Lockhart v. Loosen, 1997 OK 103, ¶ 9, 943 P.2d 1074, 1079. The existence of a duty is a question of law, whereas breach and causation are generally questions of fact. See Schovanec v. Archdiocese of Okla. City, 2008 OK 70, ¶ 41, 188 P.3d 158, 173; Bray v. St. John Health Sys., Inc., 2008 OK 51, ¶¶ 6, 14, 187 P.3d 721, 723, 725.

In Bray, the Oklahoma Supreme Court adopted Comment f to the Restatement (Second) of Torts § 344 (1965)[1], holding that a possessor of land has a duty to take precautions "to provide reasonable protection to its business invitees" when the possessor "knew or had reason to know from past experience that it should reasonably anticipate criminal conduct" on its premises. 2008 OK 51, ¶¶ 13-14, 187 P.3d at 725. In this case, as in Bray, the Defendants had knowledge of a number of criminal incidents that had occurred at the Mall in recent years, including multiple thefts and robberies and at least one physical assault in December of 2008 alone. Thus, the Simon Defendants' "past experience with a high rate of crime on [their] property gave rise to a duty to provide adequate precautions against criminal activity in [their] parking garage;" whether the Simon Defendants breached that duty is a question of fact. Id. ¶¶ 13-14, 187 P.3d at 725.

The duty of Defendant IPC, however, is slightly different. As a contractor, IPC's duty to Mall patrons "is to be measured by the nature and scope of the contractor's contractual undertaking," Copeland v. Admiral Pest Control Co., 1996 OK CIV APP 119, ¶ 9, 933 P.2d

---

[1] The full text of comment f to § 344 provides:
*Duty to police premises*. Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

937, 939, meaning IPC had "a duty to provide security services as outlined in its contract in a negligent-free manner." (Defs.' Br., Dkt. No. 232, at 10.) Defendant IPC acknowledges this duty, but argues that "Plaintiffs' allegations against IPC apparently rest on contentions that IPC failed to provide adequate lighting, CCTV, and other capital expenditures," something over which IPC had no control. (Id.) Defendant IPC misconstrues Plaintiffs' cause of action. Plaintiffs' Complaint does not accuse IPC of failing to provide adequate infrastructure; rather, Plaintiffs allege that IPC breached its contractual duty to provide security in a non-negligent manner. (Pls.' Compl., Dkt. No. 1, at 7.) In Plaintiffs' Response to the present Motion, Plaintiffs set forth at least four ways Defendant IPC was negligent in fulfilling their contractual obligation to provide security at the Mall: (1) failing to adequately train its staff; (2) failing to effectively deploy and supervise its manpower; (3) failing to deploy the security equipment provided by the Simon Defendants; and (4) failing to follow its own policies and procedures. Plaintiffs have presented enough evidence to create a question of fact as to whether IPC breached its contractual duty to provide security at the Mall in a non-negligent fashion.

Defendant IPC and the Simon Defendants also challenge Plaintiffs' ability to establish a causal connection between any alleged breach and Plaintiffs' injuries. To prevail on a negligence claim, Plaintiffs must establish direct or proximate cause, or "'a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened.'" State ex rel. Okla. Dep't of Pub. Safety v. Gurich, 2010 OK 56, ¶ 14, 238 P.3d 1, 4 (quoting Oklahoma Uniform Jury Instruction ("OUJI") (Civil) No. 9.6). Proximate

4

cause has two parts: cause in fact and legal causation. Whereas cause in fact "'refers to everything which contributed to a result, which would not have occurred without'" Defendant IPC's negligence, legal causation is a "'limiting principle.'" Brewer v. Murray, 2012 OK CIV APP 109, ¶ 28, 292 P.3d 41, 53 (quoting Akin v. Missouri Pac. R.R. Co., 1998 OK 102, ¶ 38 n.79, 977 P.2d 1040, 1054 n.79). Legal causation cuts off a defendant's liability for tenuous acts, which means Plaintiffs must prove that their injuries are "the result of ***both*** *the natural and probable* consequences of [IPC's] primary negligence," or that their injuries were foreseeable. Lockhart, 1997 OK 103, ¶ 9, 943 P.2d at 1079.

Defendants first argue that Plaintiffs cannot demonstrate that their negligence was the "but for" cause or cause in fact of Plaintiffs' injuries. According to Defendants, Plaintiffs must prove that "had the Defendants provided the security measures the Plaintiffs claim should have been provided, Stepney would not have attacked Mrs. Clark." (Defs.' Br. at 14.) However, this misstates Plaintiffs' burden. Plaintiffs do not have to show with absolute certainty that the additional security measures would have prevented Mrs. Clark's kidnaping and assault, but that Defendants' negligence was a "substantial factor in bringing about the harm." Restatement (Second) of Torts § 431(a).[2] Plaintiffs have submitted evidence that "Stepney was a power reassurance rapist who 'could have been deterred from committing his crimes at a specific property with the appropriate security measures'" and that criminal

---

[2] See also MacQuarrie v. Howard Johnson Co., 877 F.2d 126, 131 (1st Cir. 1989) ("Contrary to [Defendant's] argument, evidence need not prove that with additional security measures the crime definitely would not have taken place. The standard is necessarily less severe. Evidence must show only that, with reasonable precautions, the injury, more likely than not, would not have occurred.").

conduct in the parking garage was foreseeable. (Pls.' Resp., Dkt. No. 333, at 2, 21 (quoting Huff Report, Ex. 3, at 40)).) Given this evidence, Defendants have not established the absence of a genuine issue of material fact with respect to "but for" causation.

Alternatively, Defendants contend that even if their acts or omissions were the cause in fact of Plaintiffs' injuries, they cannot be held liable because Stepney's "criminal act was a supervening cause that cut off any liable for [their] negligence." Brewer, 2012 OK CIV APP 109, ¶ 29, 292 P.3d at 53. "A supervening cause is a new, independent and efficient cause of the injury which was neither anticipated nor reasonably foreseeable." Id. However, Stepney's "criminal conduct was within the zone of risk created by [Defendants'] conduct," or its negligent provision of security services. Id. Given the evidence of past crime at the Mall, reasonable jurors could find that additional crime was foreseeable in December of 2008. The foreseeability of an intervening act "calls for *an evaluative determination by the trier of fact*. It is only 'where the evidence together with all inferences which may be properly deduced therefrom is insufficient to show a casual connection between the alleged wrong and the injury' that the issue of proximate cause becomes a question of law." Lockhart, 1997 OK 103, ¶ 11, 943 P.2d at 1079-80 (quoting Smith v. Davis, 1967 OK 161, ¶ 5, 430 P.2d 799, 800) (footnote omitted). Thus, summary judgment is inappropriate.

Accordingly, Defendant IPC's Motion for Summary Judgment (Dkt. No. 232) and the Simon Defendants' Motion for Summary Judgment (Dkt. No. 234) are hereby DENIED.

IT IS SO ORDERED this 13th day of February, 2013.

ROBIN J. CAUTHRON
United States District Judge